IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

MELINDA RODRIGUEZ, individually and
on behalf of all others similarly situated,

     Plaintiff,

   vs.          Case No.: 1:19-cv-01677

BEYER & ASSOCIATES, LLC

     Defendant.

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

   This action is brought by Plaintiff, MELINDA RODRIGUEZ, individually and on behalf of all others similarly situated, against Defendant, BEYER & ASSOCIATES, LLC, ("BEYER") based on the following:

### I.  PRELIMINARY STATEMENT

   1.  RODRIGUEZ brings this action individually and on behalf of all others similarly situated, for the illegal practices of Defendant who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from Plaintiff and other similarly situated Wisconsin consumers.

   2.  Plaintiff alleges Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

   3.  The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal

Page **1** of **8**

Case 1:19-cv-01677-WCG  Filed 11/13/19  Page 1 of 8  Document 1

bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

4. The FDCPA is a strict-liability statute which provides for actual or statutory damages upon the showing of one violation. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

5. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section are: making a false representation of the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); and, using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

6. Furthermore, the FDCPA, at 15 U.S.C. § 1692g, requires that certain information as to the validation of a debt be provided in a collection letter. 15 U.S.C. § 1692g(a)-(e). Among the *per se* violations prohibited by that section are failing to provide the name of the creditor to whom the debt is owed, 15 U.S.C. § 1692g(a)(2).

7. Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA.

## II. PARTIES

8. RODRIGUEZ is a natural person.

9. At all times relevant to this lawsuit, RODRIGUEZ was a citizen of, and resided in, the City of Oshkosh, Winnebago County, Wisconsin.

10. At all times relevant to the factual allegations of this Complaint, BEYER was a for-profit limited liability corporation formed under the laws of the State of Colorado.

11. On information and belief, BEYER maintains its principal place of business at 12381 E. Cornell Avenue, Aurora, Colorado 80014.

## III. JURISDICTION & VENUE

12. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

13. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because Defendant is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

## IV. FACTS

14. BEYER regularly engages in the collection of defaulted consumer debts.

15. BEYER regularly collects or attempts to collect debts alleged to be owed others.

16. BEYER is a business the principal purpose of which is the collection of defaulted consumer debts.

17. In attempting to collect debts, BEYER uses the mail, telephone, Internet, and other instruments of interstate commerce.

18. BEYER mailed or caused to be mailed a letter dated August 30, 2019 (the "Letter") to RODRIGUEZ.

19. A true and correct copy of the Letter is attached as *Exhibit A*, except that the undersigned counsel has partially redacted it.

20. The Letter alleged RODRIGUEZ had incurred and defaulted on a financial obligation (the "Debt").

21. The alleged Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes, namely parking at a private parking facility in Milwaukee, Wisconsin.

22. The Letter was BEYER's first written communication to RODRIGUEZ attempting to collect the Debt.

23. On information and belief, sometime prior to August 30, 2019, the creditor of the Debt either directly or through intermediate transactions assigned, placed, or transferred the Debt to BEYER for collection.

24. The Letter is computer-generated from a template or form that BEYER uses to collect defaulted consumer debts.

25. At the top left of *Exhibit A* it reads, "RE: Secure Parking – Milwaukee".

26. In the first paragraph of *Exhibit A* it states: "This law firm represents the above Creditor and Parking Revenue Recovery Services, Inc. concerning the above PARKING NOTICE and BALANCE DUE which is IN COLLECTION."

27. It is unclear from *Exhibit A* who the creditor is.

28. *Exhibit A* does not identify the name of the creditor to whom the Debt is owed.

29. After reading *Exhbit A*, Rodriguez was confused as to the identity of the creditor.

30. After reading *Exhibit A*, the unsophisticated consumer would likewise be confused as to the identity of the creditor.

31. By failing to identify the creditor of the Debt, *Exhibit A* leaves the unsophisticated consumer in doubt about to whom the alleged debt is owed and if it is legitimate.

32. The Letter deprived RODRIGUEZ of truthful, non-misleading, information in connection with Defendant's attempt to collect the Debt.

## V. CLASS ALLEGATIONS

33. Defendant's conduct toward Plaintiff is consistent with its policies and practices when attempting to collect debts from consumers generally. Consequently, this action is brought by Plaintiff, individually and on behalf of all other persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

34. Plaintiff seeks to certify a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

35. *Class Definition.* The Class consists of: All natural persons to whom Defendant mailed a written communication in the form of *Exhibit A* to an address in the State of Wisconsin during a period beginning ? and ending ?.

36. The identities of the Class members are readily ascertainable from the business records of Defendant and those entities on whose behalf Defendant attempted to collect debts.

37. *Class Claims.* The Class claims include all claims each Class member may have for a violation of the FDCPA arising from Defendant having mailed a written communication in the form of *Exhibit A* to such Class member.

38. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

39. *Numerosity.* On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

40. *Common Questions Predominate.* Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same conduct by Defendant with respect to each Class member.

41. *Typicality.* Plaintiff's claims are typical of Class because those claims arise from a common course of conduct engaged in by Defendant.

42. *Adequacy.* Plaintiff will fairly and adequately protect the interests of the Class members because she has no interests that are adverse to the interests of the Class members. Moreover, Plaintiff is committed to vigorously litigating this matter and retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

43. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

44. Based on discovery and further investigation (including, but not limited to, disclosure by Defendant of class size and net worth), Plaintiff may, in addition to moving for class certification using modified Class definitions, Class claims, or Class periods, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VI. CAUSE OF ACTION AGAINST DEFENDANT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

45. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

46. BEYER is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

47. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

48. RODRIGUEZ is a "consumer" as defined by 15 U.S.C. § 1692a(3).

49. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

50. The use and mailing of *Exhibit A* by RODRIGUEZ in an attempt to collect the Debt violated the FDCPA. Such violation includes, but is not limited to:

   (a) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e, including but not limited to, violations of §§ 1692e(2) and e(10); and,

   (b) Failing to identify the name of the creditor to whom the debt is owed in violation of § 1692g(a)(2).

## VII. PRAYER FOR RELIEF

51. WHEREFORE, Plaintiff, MELINDA RODRIGUEZ, individually and on behalf of all others similarly situated, demands judgment against Defendant, BEYER, as follows:

   (a) An Order certifying this action as a class action pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

(b) An award of statutory damages for RODRIGUEZ and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

(c) An award to RODRIGUEZ for services on behalf of the Class as determined in the discretion of the Court;

(d) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(e) An award of actual damages to Plaintiff and the Class to the extent to which the recovery of reasonable attorneys' fees and costs cause a negative tax consequence to Plaintiff and/or the Class; and,

(f) For such other and further relief as may be just and proper.

## VIII. JURY DEMAND

52. Trial by jury is demanded on all issues so triable.

Respectfully submitted,

Dated: November 13, 2019

*s/Francis R. Greene*
*Francis R. Greene*
Francis R. Greene (WI Bar # 1115577)
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
*Attorneys for Plaintiff, Melinda Rodriguez*
STERN•THOMASSON LLP
3010 South Appleton Road
Menasha, Wisconsin 54952
Telephone (973) 379-7500
E-mail: Philip@SternThomasson.com
E-mail: Andrew@SternThomasson.com
E-mail: Francis@SternThomasson.com