UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MELINDA RODRIGUEZ,

        Plaintiff,

    v.                                  Case No. 19-C-1677

BEYER & ASSOCIATES, LLC,

        Defendant.

## DECISION AND ORDER

Plaintiff Melinda Rodriguez filed this action on November 13, 2019, alleging Defendant Beyer & Associates, LLC violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* She filed an amended complaint on April 13, 2020, and Defendant filed a motion to dismiss the amended complaint on April 27, 2020. On June 29, 2020, Plaintiff filed a motion for leave to file a second amended complaint. For the following reasons, Plaintiff's motion for leave to amend will be granted and Defendant's motion to dismiss will be denied as moot.

Once the opportunity to amend the pleadings as a matter of course has passed, a party may amend a complaint only with the consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a). Generally, motions to amend pleadings are treated favorably under Rule 15's liberal amendment policy. *Id.* Leave to amend should be "freely given," absent considerations such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff contends that the amendment is warranted because it adds Parking Revenue Recovery Services Inc. as a defendant and expands her theories of liability.

Defendant asserts that the motion should be denied because Plaintiff's delays in this case continue to prejudice it. "[D]elay by itself is normally an insufficient reason to deny a motion for leave to amend. Delay must be coupled with some other reason . . . [t]ypically . . . prejudice to the non-moving party." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 358 (7th Cir. 2015). Plaintiff asserts that she sought leave to amend the complaint only after counsel reviewed Defendant's April 15, 2020 discovery responses and identified Parking Revenue Recovery Services Inc.'s participation in the collection efforts in the case. The litigation has not advanced to a stage that warrants denial of Plaintiff's motion, as the court suspended all scheduling deadlines pending a ruling on the motion to amend and motion to dismiss. In short, any delay in moving to amend the complaint does not constitute undue prejudice.

Defendants also assert that amendment would be futile because Plaintiff does not advance new facts in the proposed amended complaint. But Plaintiff's proposed amended complaint adds new facts supporting her claim that the letter at issue misled the unsophisticated consumer into believing the letter was from an attorney. Defendant is free to file a renewed motion to dismiss that challenges all of Plaintiff's claims and legal theories.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to file an amended complaint (Dkt. No. 48) is **GRANTED**. The Clerk is directed to detach and e-file Plaintiff's Second Amended Complaint (Dkt. No. 49-1).

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss (Dkt. No. 25) is **DENIED as moot**.

Dated at Green Bay, Wisconsin this 24th day of August, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge