UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MELINDA RODRIGUEZ,

        Plaintiff,

    v.                                                       Case No. 19-C-1677

BEYER & ASSOCIATES LLC and
PARKING REVENUE RECOVERY SERVICES INC.,

        Defendants.

**DECISION AND ORDER GRANTING MOTIONS TO DISMISS**

      Plaintiff Melinda Rodriguez filed this lawsuit on behalf of herself and all those similarly situated against Defendants Beyer & Associates LLC and Parking Revenue Recovery Services Inc. (PRRS), alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. This matter comes before the Court on Defendants' motions to dismiss. Defendants assert that Plaintiff lacks standing to assert her claim because she has not alleged a concrete harm. The Court held a telephone conference with the parties on January 7, 2021, to discuss the Seventh Circuit's recent decisions in *Larkin v. Finance System of Green Bay, Inc.*, 982 F.3d 1060 (7th Cir. 2020), and *Bazile v. Finance System of Green Bay, Inc.*, 983 F.3d 274 (7th Cir. 2020). The Court inquired into whether an evidentiary hearing was necessary to determine whether Plaintiff suffered a concrete harm. Plaintiff advised that she sufficiently alleged concrete harm in her second amended complaint and that an evidentiary hearing was not necessary.

      Plaintiff's counsel filed a letter with the Court on January 12, 2021, that "urges the Court to find that she maintains Article III standing to bring the action" and indicates that, "should the Court determine otherwise after the Telephone Motion Hearing, I respectfully amend my request

regarding an evidentiary hearing as to Article III standing and ask the Court to schedule one at its earliest convenience." Dkt. No. 83 at 1. Plaintiff waived her right to an evidentiary hearing at the January 7, 2021 telephone conference. In addition, Plaintiff's letter does not indicate what facts would be asserted at an evidentiary hearing which would confer standing and to which there may be a dispute. Plaintiff was granted leave to file a second amended complaint after Beyer & Associates filed its motion to dismiss. She has had months to seek leave to amend her complaint after PRRS filed its motion to dismiss to allege additional facts regarding a concrete injury and has not sought leave to amend even after *Bazile*. The Court will decide the motions to dismiss on the record as it now stands. For the following reasons, the motions will be granted and the case will be dismissed for lack of standing.

## LEGAL STANDARD

A motion to dismiss for lack of standing is a challenge to the Court's subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. In ruling on a Rule 12(b)(1) motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. *Scanlon v. Eisenberg*, 669 F.3d 838, 841–42 (7th Cir. 2012).

## ALLEGATIONS CONTAINED IN THE SECOND AMENDED COMPLAINT

Plaintiff is a Wisconsin resident. PRRS collects and attempts to collect consumer parking debts incurred or alleged to have been incurred on behalf of third parties. Beyer regularly engages in the collection of defaulted consumer debts alleged to be owed to others. Plaintiff received a letter dated August 30, 2019, from Beyer & Associates stating that Plaintiff incurred and defaulted on a financial obligation to an unknown parking lot owner.

The letter contained the following subject line:

RE: Secure Parking - Milwaukee
License Plate Number: 641XND

It also indicated that the letter regarded Notice Number 1000026896 dated June 26, 2019, and that the violation was "No Advanced Payment or Receipt on Dashboard." The violation occurred at "330 N Broadway" and the balance due was $85.00. The body of the letter stated:

> This law firm represents the above Creditor and Parking Recovery Services, Inc. concerning the above PARKING NOTICE and BALANCE DUE which is IN COLLECTION.
>
> Although this letter is from a law firm, at this time no attorney has independently evaluated your case or made any recommendations regarding the validity of the creditor's claims or personally reviewed the circumstances of the Parking Notice and Balance Due. This law firm is acting solely as a debt collector and not in any legal capacity in sending this letter. This is an initial communication to collect a debt only.
>
> The firm will assume the debt to be valid unless you notify this firm within thirty (30) days after receipt of this COLLECTION NOTICE that you dispute the validity of this debt, or any portion thereof. If you notify this firm in writing within the thirty (30) day period that you dispute the debt, or any portion thereof, this firm will obtain verification of the debt and the firm will send you a copy of such verification. Upon your written request within the thirty (30) day period, this firm will provide you with the name and address of the original creditor, if different from the current creditor.
>
> You have the right to request in writing that a debt collector or collection agency cease further communication with you. A written request to cease communication will not prohibit a debt collector, collection agency, or creditor from taking any action authorized by law to collect the debt. Debt collectors or creditors may invoke specified remedies which debt collectors or creditors ordinarily invoke; an example of a specified remedy is reporting credit/consumer information to one or more credit/consumer reporting agencies after expiration of the thirty (30) day period, in accordance with applicable law.
>
> Please identify the PARKING NOTICE NUMBER and your LICENSE PLATE NUMBER on ALL communications. Unless otherwise notified, contacting this firm via methods other than regular mail, e.g., email fax or telephone, constitutes express consent to reciprocal future communications with you, including voice messages. Please specify if we may discuss your debt with, or accept payment from, any other person(s).

> Please pay the BALANCE DUE stated above. Payments by check should be made payable to PRRS and mailed to P.O. Box 440350, Aurora, CO 80044. You may pay by credit/debit card online at splawoffice.paymynotice.com or call 1-414-877-9055.

Your opportunity to contact us or pay does NOT overshadow, negate, or abridge any of your thirty (30) day rights or affect the legal requirement to notify this firm of any dispute in writing in order to obtain verification of the debt.

Sincerely, Cynthia M. Beyer, Esq.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. FOR INFORMATION ABOUT THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, SEE: http://ftc.gov/bcp/edu/pubs/consumer/credit/cre27.pdf.**

Dkt. No. 1-1 at 2.

Plaintiff alleges that using the letter in an attempt to collect the debt violated the FDCPA because it contained a false, deceptive, or misleading representation in violation of 15 U.S.C. § 1692e; falsely represented the character, amount, or legal status of the debt in violation of § 1692e(2)(A); falsely represented or implied that any individual is an attorney or that any communication is from an attorney in violation of § 1692e(3); it used a business, company, or organization name other than the true name of the debt collector's business, company, or organization in violation of § 1692e(14); used unfair and unconscionable means to collect or attempt to collect any debt in violation of § 1692f; collected amounts (including interest, fee, charge, or expense identical to the principal obligation) not expressly authorized by the agreement creating the debt or permitted by law in violation of § 1692f(1); failed to identify the name of the creditor to whom the debt is owed in violation of § 1692g(a)(2); and designed, compiled, and furnished any form knowing it would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of a debt when such a person is not in fact participating in the collection in violation of § 1692j.

4

## ANALYSIS

Article III of the United States Constitution limits the jurisdiction of federal courts to actual "cases" or "controversies" brought by litigants who demonstrate standing. *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 886 (7th Cir. 2017). "To establish standing, a plaintiff has the burden to establish that he has '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial ruling.'" *Larkin*, 982 F.3d at 1064 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). "At the pleading stage, the standing inquiry asks whether the complaint clearly alleges facts demonstrating each element in the doctrinal test." *Id.* (internal quotation marks, alterations, and citations omitted).

In this case, Plaintiff has failed to allege an injury in fact. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "A concrete injury is a *real* injury—that is, one that actually exists, though intangible harms as well as tangible harms may qualify." *Nettles v. Midland Funding LLC*, No. 19-3327, 2020 WL 7488610, at *2 (7th Cir. Dec. 21, 2020).

The Seventh Circuit has recently issued a number of decisions regarding standing in the FDCPA context. *See, e.g.*, *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329 (7th Cir. 2019); *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060 (7th Cir. 2020); *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274 (7th Cir. 2020); *Spuhler v. State Collection Servs., Inc.*, 983 F.3d 282 (7th Cir. 2020); *Nettles*, 2020 WL 7488610. In *Casillas*, the plaintiff alleged that the defendant debt collector violated § 1692g by sending her an incomplete collection letter that omitted one part of

5

the statutorily-required notice describing how to exercise her right to dispute her debt. 926 F.3d at 332. The Seventh Circuit held that the plaintiff lacked standing because she did not allege that the incomplete notice harmed her or created any real risk of concrete harm. *Id.* at 334. The court observed that the plaintiff did not claim, for example, that she tried to dispute the debt or even considered contacting the debt collector to dispute or verify the debt. *Id.* It found that there was no risk that the debt collector's error could have caused the plaintiff to lose her statutory protections under § 1692g because she never considered using them. *Id.* at 336. The court concluded that "a bare procedural violation," without any allegation of a concrete harm, was insufficient to establish standing. *Id.* at 339.

The Seventh Circuit extended *Casillas*' reasoning to claims arising under §§ 1692e and 1692f in *Larkin*. "It is not enough for an FDCPA plaintiff to simply allege a statutory violation," the court explained. 982 F.3d at 1066. "[H]e must allege (and later establish) that the statutory violation harmed him 'or "presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect."'" *Id.* at (quoting *Casillas*, 926 F.3d at 333). The court found that the plaintiffs' allegations did not establish that they suffered an injury in fact. Although the plaintiffs alleged that certain statements in the defendant debt collector's collection letters were false, deceptive, or misleading, or unfair and unconscionable, the court concluded that the plaintiffs' complaints did not contain "*any* allegation of harm—or even an appreciable risk of harm—from the claimed statutory violation." *Id.* The court held that the claims must be dismissed for lack of standing.

In this case, Plaintiff's second amended complaint does not allege that the claimed statutory violations harmed her in any way or created any appreciable risk of harm to her. Although Plaintiff alleges that she was confused because the letter did not clearly identify the creditor, 2d Am. Compl.

6

¶¶ 67, 71, Dkt. No. 57, Plaintiff's second amended complaint contains no allegation that the letter "detrimentally affected" the handling of her debts. *See Spuhler*, 983 F.3d at 286 (noting that, for a concrete injury to result from a dunning letter's exclusion of a statement, "that exclusion must have detrimentally affected the debtors' handling of their debts"). She does not allege that she attempted to clarify her confusion, make a payment, or otherwise manage the debt. Plaintiff has failed to allege that she suffered an injury from the claimed FDCPA violations necessary for standing. Therefore, this case must be dismissed for lack of standing.

## CONCLUSION

For these reasons, Defendants Beyer & Associates LLC's motion to dismiss (Dkt. No. 62) and Parking Revenue Recovery Services Inc.'s motion to dismiss (Dkt. No. 71) are **GRANTED**. Plaintiff's motion to certify the class (Dkt. No. 19) and motion to compel discovery (Dkt. No. 22) are **DENIED as moot**. This case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 15th day of January, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge